Battle, J.
 

 The bill is filed by the executrix of James Beales, deceased, for the purpose of obtaining the advice of ■this Court, as to the construction of the will of her testator, in several specified particulars.
 

 1. The executrix wishes to know whether she has an absolute interest or only a life-estate in certain property of a perishable kind, and if the latter, how far she may be responsible for its consumption in the use; and also how the proceeds of the slaves, given to her for life, and then to be sold, are to be divided. Those are questions which will arise after her death, and she has no interest in having them decided now. We have often said that we will not anticipate and decide questions, which cannot be attended with any present practical results.
 

 2. The residuary clause of the -will, does not include the money on hand, or that due on bonds., notes and accounts,
 
 *166
 
 because it cannot be presumed that the testator intended them to
 
 “
 
 be sold.” The case of
 
 Pippin
 
 v.
 
 Ellison,
 
 12 Ire. Rep. 61, is a direct authority upon this question. This fund is, therefore, undisposed of by the will,-and must, after the payment of debts and the pecuniary legacies, for which it is primarily liable,1 be divided amongst the testator’s next of kin, according to the statute of distributions. The residuary clause, however, imposes the expense of procuring a tombstone for the testator, upon the proceeds of the property therein directed to be sold.
 

 3. The legacy to the grand-daughter, Mary Ellington, who died before the testator’s will was made, was void, and did not become vested in her children, because there was no person in existence to answer the description, contained in the will, at the time when it was made, or at any other time during the life of the testator. The Revised Code, ch. 119, sec. 28, differs from the Revised Statutes, chap. 122, sec. 15, in using the words “ child or other issue” instead of child or children,, which would include a grand-child, if such were living and capable of being a legatee at the publication of the will, but we think it cannot embrace one then dead. The statute was intended to apply to a
 
 lapsed
 
 and not a void legacy. This legacy being void, does not pass under the residuary clause, for the reason given in the answer to the next preceding question, but is distributable among the next of kin.
 

 4. The slave, Alexander, does not pass to the widow, because, at the death of the testator, when the will speaks, he was not his mother’s youngest child ; but he does pass to the testator’s son, Hamilton, because he answers the description given in the will, in every particular, and there is no room for extrinsic proof, because there is no latent ambiguity. The youngest child of Aggy will, of course, belong to the widow, for life.
 

 5. The owners of the several slaves, who were employed in the cultivation of the crop, will be entitled, respectively, to their hires. For this, see
 
 Harrell
 
 v.
 
 Davenport,
 
 5 Jones’ Eq. 4.
 

 ReR Curiam,. Decree accordingly.